UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN THOMAS OMORO and JOHN DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BRANDEIS UNIVERSITY, <br><br> Defendant. | ) <br> ) Case No. 1:20-cv-11021-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT BRANDEIS UNIVERSITY'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Brandeis University respectfully submits this notice of supplemental authority to invite the Court's consideration of an order granting summary judgment on a breach-of-contract claim in a similar COVID-19 refund case brought against a university. Applying California law, Judge Edward J. Davila of the United States District Court for the Northern District of California granted summary judgment to University of the Pacific on plaintiff's claim for breach of contract seeking tuition and fee refunds. *Randall v. Univ. of the Pacific*, No. 5:20-cv-03196 (N.D. Cal May 28, 2022). A true and correct copy of the order in *Randall* is attached as Exhibit 1.

Judge Davila ruled that an express Student Financial Responsibility Agreement ("SFRA") "govern[ed] the Parties' financial relationship with respect to tuition, fees, and refunds." Slip op. at 8. Since that agreement did not require educational services to be delivered in person, the court concluded there was no breach of the express contract between the parties. *Id.* at 8. The court also ruled that the SFRA—and not any implied contract governing the same subject matter—controlled plaintiff's refund claim. Reasoning that "there cannot be a valid, express contract *and* an implied contract, each embracing the same subject matter, existing at the same time," the court concluded

that plaintiff could not raise an implied contract claim.  *Id.* at 8-9.  The court further concluded that, even if an implied contract were possible, the vague promotional materials and course catalogs raised by plaintiff did not amount to a specific promise of in-person instruction.  *Id.* at 9-10.  Based on those conclusions, Judge Davila granted University of the Pacific's motion for summary judgment on plaintiff's contract claim.  *Id.* at 10.

DATED:  June 3, 2022
Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Kathleen M. Sullivan*
Kathleen M. Sullivan (BBO No. 551053)
Shon Morgan (*pro hac vice*)
Crystal Nix-Hines (*pro hac vice*)
Marina Lev (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100
kathleensullivan@quinnemanuel.com
shonmorgan@quinnemanuel.com
crystalnixhines@quinnemanuel.com
marinalev@quinnemanuel.com

Harvey Wolkoff (BBO No.532880)
Alex H. Loomis (BBO No. 699129)
111 Huntington Ave., Suite 520
Boston, MA 02199-3600
Telephone:     (612) 712-7100
Facsimile:      (612) 712-7200
harveywolkoff@quinnemanuel.com
alexloomis@quinnemanuel.com
*Attorneys for Defendant,*
*Brandeis University*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed today through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 3, 2022

*/s/ Kathleen M. Sullivan*
Kathleen M. Sullivan