```
                         United States District Court
                           District of Massachusetts
   ┌─────────────────────────────────────┐
                                         )
   ALAN THOMAS OMORI and LINFEI YANG,    )
   individually and on behalf of all     )
   others similarly situated,            )
                                         )
            Plaintiffs,                  )
                                         )    Civil Action No.
            v.                           )    20-11021-NMG
                                         )
   BRANDEIS UNIVERSITY                   )
                                         )
            Defendant.                   )
                                         )
   └─────────────────────────────────────┘
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiffs Alan T. Omori ("Omori") and Linfei Yang ("Yang") (collectively, "plaintiffs") brought this putative class action against Brandeis University ("Brandeis" or "defendant") to recover tuition and fees collected from students for the Spring, 2020 semester. Brandeis moved for summary judgment on plaintiffs' remaining claims on April 1, 2022, to which plaintiffs submitted their opposition on May 4, 2022. That same day, plaintiffs submitted this pending motion seeking exclusion of certain affidavits or, in the alternative, additional discovery (Docket No. 87). Brandeis opposed the motion shortly thereafter (Docket No. 105). For the following reasons, the motion will be denied.

- 1 -

I.  **Motion to Exclude or for Additional Discovery**

    A.  **Exclusion Under Fed R. Civ. P. 37**

Plaintiffs first move, under Fed R. Civ. P. 37, to exclude the affidavits of eight individuals submitted by Brandeis in support of its motion for summary judgment.  Plaintiffs aver that exclusion is appropriate because Brandeis failed to disclose the eight affiants properly.  Although Rule 37 contemplates exclusion of evidence if a witness is not properly disclosed, exclusion is not appropriate if the failure to disclose was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

Plaintiffs admit that four of the challenged affiants – Dorothy Hodgson, Lynne Rosansky, Samuel Solomon and Lois Stanley – were disclosed in Defendant's Responses to Plaintiffs' First Set of Interrogatories in November, 2021.  As a result, plaintiffs knew of those four individuals and that they were members of the Brandeis COVID-19 Task Force.  Thus, there was no deficiency in their disclosure and no prejudice to plaintiffs from Brandeis submitting their affidavits in support of its motion for summary judgment.  See Fed. R. Civ. P. 26(e)(1)(A) (no duty to supplement or correct a Rule 26(a) disclosure if the information has "otherwise been made known to the other parties during the discovery process or in writing").

Brandeis has agreed to withdraw two of the remaining affidavits that had been included with its motion for summary judgment. The individuals who supplied those affidavits, Haley Rosenfeld and Brian Koslowski, attested to limited facts, none of which was dispositive to the motion for summary judgment.

The final affidavits to which plaintiffs object are those filed on behalf of Matthew Sheehy ("Sheehy") and Susan Lichtman ("Lichtman"). The disclosure of those affiants on April 1, 2022, one day after the end of fact discovery, is not justified. It is also, however, harmless. Dusel v. Factory Mut. Ins. Co., No. 19-CV-11698, 2021 WL 2953322, at *4 (D. Mass. July 14, 2021) (declining to strike affidavits on the grounds that disclosure was delayed but caused no harm). Brandeis points out that plaintiffs did not notice depositions of anyone disclosed in Brandeis' initial disclosures or interrogatory responses prior to the close of fact discovery. In addition, the testimony provided by Sheehy and Lichtman is of relatively minor import and could, in any event, be replaced by testimony from witnesses who were timely disclosed. In these circumstances, the "severe exclusionary penalty" of Rule 37(c)(1) is unwarranted. Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010) (holding that exclusion of testimony is inappropriate "in the absence of harm to a party").

**B.  Additional Discovery Under Fed. R. Civ. P. 56(d)**

As an alternative to exclusion of the challenged affidavits, plaintiffs seek additional discovery, including further e-discovery and depositions, under Rule 56(d).  A Rule 56(d) motion must

> 1) be timely; 2) be authoritative; 3) show good cause for failure to discover the relevant facts earlier; 4) establish a plausible basis for believing that the specified facts probably exist, and 5) indicate how those facts will influence the outcome of summary judgment.

Pina v. Children's Place, 740 F.3d 785, 794 (1st Cir. 2014). Those requirements "may be relaxed, or even excused," if justified by the circumstances of a particular case. In re PHC, Inc. S'holder Litig., 762 F.3d 138, 144 (1st Cir. 2014) (quoting Resol. Tr. Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

Plaintiffs' motion falls short of the Rule 56(d) standard. First, plaintiffs did not demonstrate diligence in pursuing discovery "before the summary judgment initiative surface[d] and in pursuing an extension of time thereafter." Pina, 740 F.3d at 795 (emphasis omitted) (quoting Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996)).  Plaintiffs did not notice any depositions until March, 2022, after the deadline for taking depositions had expired.  The purported deficiencies in Brandeis' production of e-discovery material, meanwhile, are

only loosely connected to the affidavits at issue and instead reflect discovery disputes that could have been addressed months before summary judgment proceedings.

Even after Brandeis filed its motion for summary judgment, plaintiffs initially sought to extend discovery and other case deadlines while disclaiming that they were filing a Rule 56(d) motion.  See Docket No. 77 and Docket No. 81-1.  After the Court denied that motion, and on the day their response to the motion for summary judgment was due, plaintiffs filed the pending motion for exclusion or additional discovery.  Considering the totality of the circumstances, the motion for additional discovery is not timely and does not reflect due diligence on the part of plaintiffs.

In addition to the untimeliness of the motion, plaintiffs have not established a plausible basis for their belief that relevant facts exist or that such facts would be material to the motion for summary judgment.  Rather, plaintiffs simply aver without elaboration that facts related to

> undisclosed witness testimony, the expectations of Defendant administrators and students, and fee information and communications

exist and pertain to genuine and material disputes.

As previously discussed, the Court finds that additional facts related to the limited testimony of Sheehy and Lichtman would not pose a genuine dispute of material fact with respect

to the motion for summary judgment.  The vague invocation of potential facts related to the expectations of administrators and students, or to fee information, does not constitute a plausible basis "to conclude that specified, material facts probably exist[]." Pina, 740 F.3d at 795.  Even if they did exist, those are precisely the kind of facts that plaintiffs could have discovered through timely and diligent attention to obtaining discovery before Brandeis moved for summary judgment.

## ORDER

For the foregoing reasons, plaintiffs' motion for exclusion or for additional discovery (Docket No. 87) is **DENIED**.

**So ordered.**

                                                    /s/ Nathaniel M. Gorton
                                                    Nathaniel M. Gorton
                                                    United States District Judge

Dated:  October 18, 2022