UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN THOMAS OMORI and LINFEI YANG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRANDEIS UNIVERSITY,<br><br>Defendant. | No. 1:20-cv-11021-NMG |

## DEFENDANT BRANDEIS UNIVERSITY'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Brandeis University respectfully invites the Court's consideration of a recent order by a sister court in this District of direct relevance to this case. In a materially similar COVID-19 refund case filed against Boston University, *In re: Boston University COVID-19 Refund Litig.*, No. 1:20-cv-10827-RGS, District Judge Richard G. Stearns granted summary judgment to Boston University, *id.*, Dkt. 152 (Apr. 7, 2023) (attached as Exhibit 1). The court issued the order after the close of expert discovery on damages, which in this case is scheduled to close in August 2023.

*First*, the court first granted BU's motion to exclude the testimony of plaintiffs' damages expert, ruling that the expert's opinion "does not survive scrutiny under *Daubert*," *id*. at 3, because the opinion failed to disaggregate "the net reduction in the value of tuition associated with the transition to online instruction" from the separate "net reduction in the value of campus fees associated with the loss of access to campus facilities," *id*. at 5. Moreover, the court separately found the plaintiffs' expert damages opinion unreliable because, rather than valuing "a specific

1

feature of a particular product" like "the value that a prospective student would give to a course in coding included in her tuition charge," *id*. at 6, it instead purported to measure student valuation "wholly differentiated product choices," akin to a choice between "a new car as opposed to a mountain bike," *id.*.

*Second*, the court independently ruled that BU was entitled to summary judgment based on the affirmative defense of impossibility. *See id.* at 7-10. Citing *Le Fort Enterprises, Inc. v. Lantern 18, LLC*, 491 Mass. 144 (2023), the court ruled that the undisputed facts showed that "Governor Baker's emergency orders rendered continued performance of the alleged contract *illegal*," and that the plaintiffs had failed to show any promise of "continued performance even where such performance becomes illegal." *Id*. at 9 (emphasis in original). The court found that these facts excused contractual performance as a matter of law, and further found that BU was entitled to summary judgment on any remaining unjust-enrichment claim because the plaintiffs' excluded expert damages opinion was "insufficient to create a genuine dispute of material fact as to the existence or amount of any restitution damages." *Id*. at 10.

DATED:  April 20, 2023            Respectfully submitted,

                                  QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

                                  By */s/ Shon Morgan*
                                     Kathleen M. Sullivan (BBO # 551053)
                                     Crystal Nix-Hines (pro hac vice)
                                     Shon Morgan (pro hac vice)
                                     Marina Lev (pro hac vice)
                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
                                     865 S. Figueroa Street, 10th Floor
                                     Los Angeles, CA  90017
                                     Tel. (213) 443-3000
                                     crystalnixhines@quinnemanuel.com
                                     kathleensullivan@quinnemanuel.com
                                     shonmorgan@quinnemanuel.com
                                     marinalev@quinnemanuel.com

                                     Harvey Wolkoff (BBO No. 532880)
                                     Alex H. Loomis (BBO No. 699129)
                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
                                     111 Huntington Avenue, Suite 520
                                     Boston, MA 02199
                                     Tel: (617) 712-7100
                                     harveywolkoff@quinnemanuel.com
                                     alexloomis@quinnemanuel.com

                                     *Attorneys for Defendant,*
                                     *Brandeis University*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon attorneys of record by email on April 20, 2023.

                                                  */s/ Shon Morgan*
                                                  Shon Morgan