UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN THOMAS OMORI and LINFEI YANG, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>    v.<br><br>BRANDEIS UNIVERSITY,<br><br>                      Defendant. | No. 1:20-cv-11021-NMG |

**DEFENDANT BRANDEIS UNIVERSITY'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

As the Court undertakes consideration of the supplemental motion for summary judgment filed by Defendant Brandeis University ("Brandeis") (Dkt. 154), Brandeis respectfully invites the Court's attention to a new decision by the First Circuit that supports Brandeis's argument that the Massachusetts Legislature acted reasonably in barring monetary relief for Plaintiffs' claims (Dkt. 155 at 12-17 & Dkt. 161 at 8-9). The decision accordingly supports the grant of Brandeis's pending motion.

In *SEC v. Sanchez-Diaz*, No. 23-1290, --- F.4th --- (1st Cir. Dec. 7, 2023), attached as Exhibit A ("Op."), the First Circuit held that, "[u]nder general equitable principles, innocent third parties can assert a defense to restitution claims premised on unjust enrichment by demonstrating that they gave value in return." Op.18 (internal citations omitted). The district court had ordered the "relief defendant" to disgorge a monetary sum equal to the value of a car she had received from her ex-husband, who had purchased the car using the proceeds of a fraudulent scheme. Op.7-8. The First Circuit reversed because the relief defendant received the car in exchange for agreeing

1

to an amended child custody and support agreement, and thus could not be liable for restitution because she had given something of value for the car. Op.22-28.

*Sanchez-Diaz* supports Brandeis's arguments in support of its supplemental motion for summary judgment based on the new Massachusetts legislation (Dkt. 154), for this holding shows that any monetary relief claims based on unjust enrichment in this case were legally dubious from the outset, reinforcing the Legislature's reasonable authority to affect those claims retroactively. *See* Dkt. 155 at 12-17 & Dkt. 161 at 8-9.

DATED:  December 14, 2023		Respectfully submitted,

              QUINN EMANUEL URQUHART & SULLIVAN, LLP

              By */s/ Kathleen M. Sullivan*
                Kathleen M. Sullivan (BBO # 551053)
                Crystal Nix-Hines (pro hac vice)
                Shon Morgan (pro hac vice)
                Marina Lev (pro hac vice)
                QUINN EMANUEL URQUHART & SULLIVAN, LLP
                865 S. Figueroa Street, 10th Floor
                Los Angeles, CA  90017
                Tel. (213) 443-3000
                crystalnixhines@quinnemanuel.com
                kathleensullivan@quinnemanuel.com
                shonmorgan@quinnemanuel.com
                marinalev@quinnemanuel.com

                Harvey Wolkoff (BBO No. 532880)
                Alex H. Loomis (BBO No. 699129)
                QUINN EMANUEL URQUHART & SULLIVAN, LLP
                111 Huntington Avenue, Suite 520
                Boston, MA 02199
                Tel: (617) 712-7100
                harveywolkoff@quinnemanuel.com
                alexloomis@quinnemanuel.com

                *Attorneys for Defendant,*
                *Brandeis University*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon attorneys of record by email on December 14, 2023.

                                             */s/ Kathleen M. Sullivan*
                                             Kathleen M. Sullivan