```
                  United States District Court
                    District of Massachusetts
 ─────────────────────────────────────────
                                          )
 ALAN THOMAS OMORI and LINFEI YANG,        )
 individually and on behalf of all        )
 others similarly situated,               )
                                          )
           PlaintiffS,                    )   Civil Action No.
                                          )   20-11021-NMG
           v.                             )
                                          )
 BRANDEIS UNIVERSITY,                     )
                                          )
           Defendant.                     )
                                          )
 ─────────────────────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the retention by Brandeis University ("Brandeis", "the University" or "defendant") of the full amount of tuition and fees collected from students for the Spring, 2020 semester despite the closing of its on-campus facilities and conversion to online learning in response to the COVID-19 pandemic.

Plaintiffs Alan T. Omori ("Omori") and Linfei Yang ("Yang") (collectively, "plaintiffs" or "the students") assert that the failure of Brandeis to reimburse students for the alleged inferior value of online education, as well as for certain fees, constitutes breach of contract and unjust enrichment.

Pending before the Court is defendant's motion for summary judgment on all remaining claims (Docket No. 154).  For the reasons set forth below, that motion will be allowed.

I.  **Background**

At the beginning of the Spring, 2020 academic term, plaintiffs were enrolled as full-time undergraduate students at Brandeis, a private university in Waltham, Massachusetts.  The students had registered and paid for in-person courses, purportedly expecting to receive access to on-campus instruction, facilities and experience.

Prior to the COVID-19 pandemic, Brandeis provided its students with an on-campus, in-person educational experience with only a few online graduate courses.  On March 11, 2020, however, Brandeis announced that all its classes would be conducted in an online format due to the spread of the novel coronavirus.  In the following days, Brandeis closed its library and other campus facilities, cancelled all in-person meetings and events, required all non-exempt students to move off campus and declared that remote-only instruction would continue for the remainder of the semester.  It offered students prorated refunds of room and board but declined to refund tuition and other fees.

In response, plaintiffs, on their own behalf and on behalf of other students similarly situated, brought a four-count

complaint, alleging breach of contract, both express and implied (Counts I & II), unjust enrichment (Count III) and conversion (Count IV). They seek to recover from Brandeis tuition and fees allegedly paid in consideration for "in-person instruction and use of campus facilities" which were denied during the second half of the Spring, 2020 academic term.

In November, 2020, Brandeis moved to dismiss the complaint for failure to state a claim. That motion was allowed with respect to Count IV but otherwise denied. Plaintiffs' remaining claims were further narrowed in October, 2022 when this Court allowed summary judgment as to Counts I, III and part of Count II, leaving only plaintiffs' claim for breach of implied contract as to tuition and the "Studio Fee" associated with studio arts classes.

In May, 2023, this Court denied plaintiffs' motion to certify a class as to the remaining breach of implied contract claim. The First Circuit Court of Appeals ("First Circuit") later denied plaintiffs' petition for an interlocutory appeal of that denial of class certification.

Several months later, the Massachusetts legislature enacted and Governor Maura Healey signed into law the Commonwealth's fiscal year 2024 budget. The budget contains a provision granting institutions of higher learning retroactive immunity

from claims for monetary relief made in connection with, <u>inter alia</u>:

> tuition or fees paid to the institution of higher education for the spring academic term of 2020 [so long as the institution] offered online and otherwise remote learning options that allowed students to complete the coursework . . . .

Mass. St, c. 28 § 80(b) ("Section 80(b)").  Institutions are not immune if "the damage alleged was caused by an act or omission . . . that was malicious or in bad faith." <u>Id.</u> § 80(c) ("Section 80(c)").

Brandeis now moves for summary judgment once more on the remaining claim based on Section 80(b) immunity.  Plaintiffs protest that the immunity provision is unconstitutional.

## II.   **Motion for Summary Judgment**

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**B. Analysis**

The parties agree that Section 80(b) applies retroactively. The plain language of that section immunizes Brandeis for liability on plaintiffs' remaining claim which concerns "tuition...paid to the institution of higher education for the spring academic term of 2020." Mass. St, c. 28 § 80(b).

Plaintiffs contend, however, that Section 80(b) is unconstitutional because it is impermissibly retroactive and constitutes special legislation under the Massachusetts Constitution, and also violates the Contracts Clause of the United States Constitution. The Court will address each argument in turn.

### 1. Retroactivity

When a statute has retroactive application in Massachusetts,

> [o]nly those statutes which, on a balancing of opposing considerations, are deemed to be unreasonable, are held to be unconstitutional.

American Mfrs. Mut. Ins. Co. v. Commissioner of Ins., 374 Mass. 181, 189-90 (1978). Courts apply every rational presumption in favor of a statute's constitutionality and the challenging party bears a heavy burden in proving otherwise. Sliney v. Previte, 473 Mass. 283, 291 (2015).

To determine whether the statute is reasonable, courts consider three factors:

> (1) the nature of the public interest which motivated the Legislature to enact the statute; (2) the nature of the rights affected; and (3) the extent or scope of the statutory effect or impact.

Koe v. Commissioner of Probation, 478 Mass. 12, 17 (2017). In Rodrigues v. Boston College, this Court considered a similar retroactivity challenge to Section 80(b). Rodrigues v. Boston

College, No. 20-11662, slip op. (D. Mass. Jan. 8, 2024). This Court held that several rational bases advancing the public interest support the statute including the prediction that

> colleges and universities are more likely to respond appropriately to future health crises and comply with federal, state and local guidance if they believe that their choices will not expose them to legal liability.

Id. at 7.

In addition, this Court found that by limiting civil immunity to just the Spring 2020 semester and excluding harms that resulted from malice or bad faith, Section 80(b) is narrowly drawn and appropriately balances competing interests. Id. at 10-11.

As to the nature of the right retroactively affected, there are some differences between the facts of this case and those undergirding the analysis in Boston College. Here, this Court denied, in part, defendant's motion for summary judgment on the breach of contract claim concerning tuition. See Omori v. Brandeis Univ., 635 F. Supp. 3d 47 (D. Mass. 2022). This Court rejected the reservation of discretion defense offered by Brandeis and held that the University's Bulletin and Handbook do not afford it so much discretion as "to allow it to alter the character of its core educational offerings so fundamentally." Id. at 55-56. The right of students here to pursue a contract cause of action against Brandeis is stronger than the

concomitant right of the Boston College plaintiffs in that the underlying breach of contract claim is more viable.

A viable claim for breach of contract is, however, insufficient to overcome the rational bases supporting Section 80(b) and its narrow tailoring to the specific difficulties posed by COVID-19 in the first several months of the pandemic. Consideration of the totality of the factors compels the conclusion that Section 80(b) is valid against a retroactivity challenge.

### 2. Contracts Clause

The Contracts Clause of the United States Constitution provides that "[n]o state shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." U.S. Const. art. I., § 10, cl. 1.  In a statutory challenge under the Contracts Clause, a court must determine 1) whether the law substantially impairs a contractual relationship and 2) whether that impairment is "reasonable and necessary to serve an important government purpose." In re Fin. Oversight & Mgmt. Bd., 979 F.3d 10, 16 (1st Cir. 2020) (citation omitted).  State action that impairs private contractual rights is afforded considerable deference. United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 44 (1st Cir. 2011).

There is no need to undergo a separate analysis in response to plaintiffs' Contracts Clause argument. See In re Liquidation of Am. Mut. Liab. Ins. Co., 434 Mass. 272, 282 n.11 (2001) (noting courts apply the same test of reasonableness under the Contracts Clause and cognate state and federal due process clauses). Even if Section 80(b) substantially impairs plaintiffs' contractual rights, that impairment is reasonable given the important and well-tailored government interests discussed supra.

### 3. Special Legislation

Plaintiffs also assert that Section 80(b) violates the provisions of Article 10 of the Massachusetts Constitution concerning special legislation by conferring privileges to universities at the expense of their students.

Article 10 prohibits enacting special legislation that "single[s] out any person for special privileges or advantages at the expense of the rights of another[.]" City of Boston v. Keene Corp., 547 N.E.2d 328, 331 (Mass. 1989). That constitutional provision is not, however, to be applied mechanically. Id. Rather, special legislation will be upheld as long as it is

> for the good and welfare of the Commonwealth as to which the Legislature's judgment will weigh heavily.

Id. at 332 (internal quotations and citations omitted).

Defendant contends that Section 80(b) is not special legislation because it confers a benefit on a large class of educational institutions and not individual persons and that even if Section 80(b) is special legislation, there are rational policies that justify its enactment.

Assuming, arguendo, Section 80(b) is special legislation the Court is satisfied that the several public policy rationales discussed supra establish that the provision is "for the good and welfare of the Commonwealth." The Court need go no further.

**ORDER**

For the reasons set forth above, defendant's motion for summary judgment (Docket No. 154) is **ALLOWED.**

**So ordered.**

                                               /s/ Nathaniel M. Gorton
                                               Nathaniel M. Gorton
                                               United States District Judge

Dated:  January 11, 2024